## CONTINENTAL & COMMERCIAL NAT. BANK OF CHICAGO v. MEISTER et al. (No. 5681.)

(Court of Civil Appeals of Texas. San Antonio. May 17, 1916.)

1. PLEDGES ⚷58(1) — NOTES — RIGHTS OF HOLDER.

Though plaintiff, as a bona fide purchaser, held defendant's notes as collateral security, there can be no recovery against the defendants, the consideration having failed, and the notes having been secured by fraud, until plaintiff establishes that the collection of such notes is necessary to enforce the claim for which the notes were pledged.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 186–189; Dec. Dig. ⚷58(1).]

2. TRIAL ⚷141—PROVINCE OF JURY—SUBMISSION OF ISSUE.

Where the evidence on an issue is undisputed, the question need not be submitted to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. ⚷141.]

Appeal from Hays County Court; J. R. Wilhelm, Judge.

Action by the Continental & Commercial National Bank of Chicago against George Meister and others. From a judgment for defendants, plaintiff appeals. Affirmed.

E. F. Smith, of Snyder, for appellant. Barber & Johnson, of San Marcos, for appellees.

MOURSUND, J. The Continental & Commercial National Bank of Chicago sued George Meister, C. H. Ulbricht, and Peter Peterosky upon three promissory notes for $100 each, payable to the order of Fox River Distilling Company, alleging that it became the legal owner and holder of said notes before maturity thereof and without notice of any defense that the makers thereof might have against the original payee. The defendants pleaded failure of consideration, and by cross-action sought to cancel four additional notes for $100 each executed at the same time and as a part of the same transaction, wherein the three notes sued on by plaintiff were given. It was alleged that the four notes were in the possession of plaintiff's attorney at San Marcos, Tex. Defendants pleaded that all of the notes had been obtained by fraud. Defendants denied that plaintiff is a holder for value, but alleged further that plaintiff contends it acquired said notes from the Fox River Distilling Company as collateral security for certain indebtedness alleged by it to be due and owing to it by said company, and with reference to this contention upon the part of plaintiff defendants charged that:

If such facts are found to be true, "yet still the plaintiff is not entitled to recover in this case, because plaintiff holds other security for its debt, if any, largely more than sufficient to make it whole and to pay to it any and all amounts which may be justly due or owing to it by said distilling company, without requiring or permitting the collection of any of the notes executed by these defendants."

Plaintiff denied all the allegations contained in the answer and cross-action. The jury in answer to special issues submitted found the consideration for the notes had wholly failed, and that the plaintiff at the time it received the notes had no knowledge of such failure of consideration or of fraud or any defense that the makers might have against the original payee. The court entered judgment that plaintiff take nothing by reason of this suit, and that it is enjoined from disposing of the four notes not yet due, and that they be canceled.

[1] The findings of the jury are not challenged, but each side contends that judgment should have been rendered in its favor. In support of the judgment of the court appellees submit the following counter proposition to appellant's assignment of error:

"Where the maker of a note has a good defense thereto against the original payee and suit

is brought thereon by one holding same as collateral security only, then such holder must affirmatively prove the amount of its debt, and show affirmatively that he will lose that debt unless permitted to collect the note sued upon. In other words, the equity of the innocent holder of the paper will prevail over the valid defense of the maker only so far as absolutely necessary to prevent the holder from sustaining loss, and, he being in possession of all the facts, it is incumbent upon him to make proof thereof. If he shows only that he is a bona fide holder of the paper as collateral security, then he has failed to establish any right to recover against the maker who has a complete defense to the paper as between the original parties thereto."

In support of the proposition the following cases are cited: Wright v. Hardie, 88 Tex. 653, 32 S. W. 885; Harrington v. Claflin, 91 Tex. 294, 42 S. W. 1055; Iowa City Bank v. Friar, 167 S. W. 261; Wharton v. Bank, 153 S. W. 699; Bank v. McCrory (Mo. App.) 177 S. W. 1058. We have examined the cases, and conclude that the proposition submitted by appellee is correct. An examination of the facts discloses that plaintiff failed to make out a case entitling it to collect the notes from the defendants. The notes were received by plaintiff in substitution for other notes which the distilling company had pledged as collateral security for its debt to plaintiff, which other notes had not been paid at maturity. Plaintiff held as such collateral security notes "to a considerable amount, and the notes signed by defendants herein were a part of this collateral which the bank held as security to the entire indebtedness." The bank collected only a small part of its indebtedness. The amount of the net proceeds of the notes signed by defendants when collected was to be indorsed on the note of the distilling company to the bank. The above is the substance of the testimony relating to the issue. It shows that the notes were collateral security for a debt in excess of the aggregate amount of such notes, but shows that a small part of said debt had been paid, without showing what balance remained due by the distilling company. If it could be inferred that the amount still due exceeded the amount sued for by plaintiff herein, the fact remains that there was other collateral, and no proof was made that such collateral was not sufficient to insure the payment of the distilling company's debt. It appears further that attorney for plaintiff sold five barrels of whisky shipped under the order given by defendants and remitted the net proceeds to plaintiff. The amount of such net proceeds is not shown, but whatever it was, the same should have been applied as a credit upon the notes sued on and the debt of the distilling company to plaintiff correspondingly reduced.

[2] As the evidence was undisputed on these points, the court was not required to submit issues relating thereto, and no request was made that any such issues be submitted. As soon as it was found that the considera-

tion had wholly failed, defendants were entitled to a judgment, there being no evidence upon which the court could find that it was necessary for plaintiff to collect the notes from defendants in order to collect its debt against the distilling company.

The judgment is affirmed.