## CLARINDA TRUST & SAVINGS BANK v. LANDRETH et al.    (No. 6644.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 14, 1921.)

Bills and notes &⇒356—Payee's indorsee, a bank, which could collect notes from payee, held not permitted to recover against makers.

Where bank doing business in another state took notes in the due course of deposit from payee in such other state, who had sought to defraud, and had violated its contract with makers in Texas, and where the bank was not a purchaser in good faith, and could have collected notes from payee as its depositor, in such other state, without the assistance of a court, it will not be permitted to recover thereon against makers in Texas merely to protect such payee.

Appeal from Cameron County Court; V. W. Taylor, Special Judge.

Suit by the Clarinda Trust & Savings Bank against Earl Landreth and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Graham, Jones, Williams & Ransome, of Brownsville, for appellant.

Canales & Davenport, and Yates & West, all of Brownsville, for appellees.

FLY, C. J. This is a suit instituted by appellant against Earl Landreth, O. G. Schlecht, and the Lisle Manufacturing Company, alleging that appellant is a trust and banking corporation, duly incorporated under the laws of Iowa, and doing business at Clarinda, in Page county, Iowa; that on or about December 28, 1916, Earl Landreth and O. G. Schlecht executed to the Lisle Manufacturing Company their certain 20 negotiable promissory notes for $20 each, bearing interest at 8 per cent. per annum, payable in 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 months after their date, December 28, 1916; that said notes were secured by a chattel mortgage of even date on certain machinery of the market value of $800; that appellant became the innocent purchaser, for value, before maturity of said notes. The court denied relief to appellant.

The facts show that appellant was not a

purchaser in good faith of the 20 promissory notes, and appellant knew the language of the mortgage, and that 2 of the 22 notes were due and unpaid, and that it took the notes in due course of deposit. Appellant proved that it was perfectly satisfied with the indorsement of the notes by the Lisle Manufacturing Company and could get its money at any time, and no good reason can be assigned for appellant not collecting its debt at home from the indorser rather than the maker of the notes in a distant state, except that it desired, through its position as innocent purchaser, to protect the indorser, who had breached its contract in Texas. All the circumstances tend to establish that theory of the case, and the question arises whether the courts of the state will permit the scheme to be accomplished.

Appellant was under no obligation to leave the state of Iowa for a county in Texas bordering on the Rio Grande, and institute a suit against the maker of the notes, when it proved that the indorser of the notes was a patron and depositor from whom the debt could be collected at any time without seeking the assistance of a court. It has the appearance of lending its so-called good faith and innocence to the protection of one of its depositors who ought not to be protected. The innocence of appellant is apparent rather than real. The law of Texas is willing and anxious to protect the innocent holder of commercial paper, but it will not permit that holder to use his vantage ground for the purpose of going beyond its own protection and willfully inflicting a wrong on a citizen, in order to protect a fraudulent indorser, who in justice and good conscience ought to lose the debt. Van Winkle Gin Co. v. Citizens' Bank, 89 Tex. 147, 33 S. W. 862. As said in that case:

"Whether the doctrine upon which the courts allow the innocent holder of commercial paper to recover against the negligent, but innocent acceptor maker is based upon broad principles of public policy intended to foster commerce, or upon the principles of an equitable estoppel, or both, it is clear that it extends no further than is necessary to the complete protection of the innocent holder, and cannot be extended so as to allow such holder to pervert the equitable principles upon which it is based for the purpose of aiding one party to a commercial instrument in obtaining an undue advantage over another."

It is a legitimate and proper conclusion, deducible from the facts, that this suit is not one for the protection of an innocent holder, but for the purpose of shielding a manufacturing company, which has breached its contract with Landreth, and seeks to defraud him out of over $400.

There is no merit in the assignments of error, and the judgment is affirmed.

⚷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes