**FARWELL et al. v. TINGLE et al.**
**(No. 2419.)**

(Court of Civil Appeals of Texas. Amarillo. Jan. 13, 1926. Rehearing Denied Feb. 3, 1926.)

1. Bills and notes ⬱497(3)—Pledgees, suing on collateral note, which was held without knowledge of equities against pledgor, must show amount due on original note.

Where payee of vendor's lien note pledged it before maturity as collateral for his own note, but, after maturity received payment, and did not notify pledgees, latter could not recover against makers and indorsers without showing amount due on debt for which it was pledged.

2. Bills and notes ⬱497(2)—Pledgees of note had burden of showing they were bona fide holders before maturity, where it had been paid as to pledgor.

Where pledgees of vendor's lien note, taken as collateral, sued on it, and defendants showed payment to pledgor, burden rested on plaintiffs to show that they were bona fide holders before maturity.

3. Pledges ⬱58(5)—Pledgees, suing on collateral note which was held without knowledge of equities against pledgor, must show other security on original note, if any.

Where transferee of vendor's lien note pledged it before maturity as collateral for his own note, and after maturity received payment, but did not notify pledgees, pledgees could not recover on collateral note without showing absence of adequate security for payment of debt as collateral for which note was pledge.

Error from District Court, Yoakum County; Clark M. Mullican, Judge.

Suit by Francis C. Farwell and others against D. B. Tingle and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Roscoe Wilson, of Lubbock, and Richard L. Douglas, of St. Joseph, Mo., for plaintiffs in error.

Jack M. Randal, of Memphis, for defendants in error.

HALL, C. J. Francis C. Farwell, Chas. F. Harding, and George Findlay, trustees of the Capitol Reservation Lands, sued D. B. Tingle, J. W. Lee, L. D. Camp, and H. H. Fields, alleging, in substance, that on August 6, 1917, the defendant Tingle, for a valuable consideration, executed and delivered to J. W. Lee his vendor's lien note in the sum of $1,000, due one year after date, with 6 per cent. interest, and providing for 10 per cent. attorney's fees; that said note was given in part payment for section No. 99 containing 640 acres of land in Yoakum county, and was secured by the vendor's lien; that the land was subsequently conveyed to L. D. Camp, who assumed the payment of the note; that the said note was transferred to one J. W.

Byrd, who in turn transferred the same to the plaintiffs in due course, for a valuable consideration, and before the maturity thereof; that said note is entitled to a credit of $415.80 paid December 21, 1918, and $300 paid December 3, 1919; that the defendant Fields in asserting some claim to the land, which is inferior to plaintiffs' vendor's lien.

They further allege that Byrd does not reside in Texas, and that plaintiffs are informed and believe that he is notoriously insolvent; that Byrd, being indebted to plaintiffs, and to secure his said indebtedness, pledged with them the note sued on before its maturity as collateral security; that the debt of the said Byrd to plaintiffs is unpaid; and that they will probably lose their debt, unless they recover on the note sued on.

The defendants answered by general demurrer, general denial, and specially alleged that the note matured on August 6, 1918, and was not protested, as required by law, nor suit brought thereon to the first or the second terms of the court. Wherefore J. W. Lee was released as an indorser; that on or about December 21, 1918, the defendants D. B. Tingle and L. D. Camp paid said $1,000 note in the following manner: That on said date they delivered to Byrd a personal note executed by one W. E. Smith, and payable to the said J. W. Lee in the sum of $600, and that said Byrd agreed to accept said note for $600 as a payment upon the vendor's lien note sued upon, then held by him; that, after the application of said $600 as a payment on said $1,000 note, there was a balance of $415.80, and the said Byrd agreed to accept such balance and release the $1,000 vendor's lien note; that said $415.80 was paid and the $600 note delivered to Byrd; that the defendant feels, as the owner of said section of land, that the $1,000 note and lien creates a cloud on his title; that, if plaintiffs secured said note before maturity, which is not admitted, but denied, then defendants allege that Byrd, by reason of the acceptance and retention by him of said $600 note, became bound and liable to pay plaintiffs the difference between the sum of $415.80, the cash payment, and the amount of the principal and interest of the vendor's lien note sued upon; that said Byrd, on or about December 3, 1917, collected from the said W. E. Smith $300, which appears as a credit on the back of said $1,000 note; that in truth and in fact the entire note in suit has been discharged by the Smith note for $600 and the check for $415.80, and had been paid prior to the $300 payment mentioned.

By supplemental petition, the plaintiffs alleged that the defendants had never given notice to plaintiffs to institute suit on the $1,000 note.

By a trial amendment, the defendants alleged that all of the original note of J. W. Byrd to plaintiffs had been paid on November

⬱For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

16, 1923, save and except $417.34, plus 8 per cent. past-due interest from December 13, 1919; that on December 21, 1918, plaintiffs received the sum of $415.80 from J. W. Byrd, which was credited on the note sued on, and on December 13, 1919, plaintiffs received from J. W. Byrd the sum of $300, which was credited on the note sued on; that the plaintiffs received in all a total of $1,298.46, which is in excess of the amount plaintiffs were entitled to recover of Byrd on his note which they held, and to which the note sued on was collateral.

The case was tried to the court without a jury, and resulted in a judgment that plaintiffs take nothing by their suit, and removing the cloud from the title to the said section of land, and canceling the vendor's lien.

The court filed findings of fact, which recite, in substance, that Byrd owed the Capitol Reservation Lands a debt of $1,000, and, in order to secure it, pledged the vendor's lien note involved in this suit; that the trustees of the Capitol Reservation Lands took the note in good faith before maturity, and for a valuable consideration, without knowledge of the defendants' equities against Byrd; that $415.80 was paid December 21, 1918, and $300 on December 3, 1922, which were duly credited on the back of the note; that on November 16, 1923, Byrd owed the Capitol Reservation Lands on the original note, and to which the note in suit was collateral, the sum of $417.34, plus 8 per cent. past-due interest from December 5, 1919; that Camp purchased the section of land in question, and assumed the $1,000 note, and that H. H. Fields purchased the land subject to said note; that Tingle, Lee, and Camp paid Byrd the amount of the note sued on by giving him a personal note for $596 made by W. E. Smith to Lee, and a check for the difference between said personal note and the amount due on the $1,000 note, and that said payment was made to Byrd after he had transferred the vendor's lien note mentioned to plaintiffs, and without any knowledge of plaintiffs. The court concluded, as a matter of law, that, where the maker of a note has a good defense thereto against the original payee, and suit is brought thereon by one holding it as collateral security only, then such holder must affirmatively prove the amount of his debt, and show affirmatively that it will lose that debt unless permitted to collect the note sued upon.

[1-3] There are several propositions urged which it will not be necessary to consider, since the judgment of the court must be upheld upon the ground that the plaintiffs failed to show the amount due them from Byrd on the original note to which the note sued upon was collateral. It was not shown that Byrd was insolvent or that the debt plaintiffs held against him was uncollectable, nor did plaintiffs show that they held no other security for Byrd's indebtedness to them. On the contrary, there is an intimation in the testimony of George Findlay, one of the plaintiffs, that the original debt of Byrd was evidenced by a note given in part payment of land which he had purchased from the plaintiffs, as trustees, and which, presumably, is secured by the vendor's lien. The evidence of the defendants is sufficient to show that as between them and Byrd the note had been fully paid. When the defendants established this fact, the burden rested on the plaintiffs in error to show that they were bona fide holders before maturity; but to entitle them to recover anything they must show the amount of the indebtedness still due them from Byrd on the principal obligation, and all other securities, if any, besides the collateral note, they had for the principal debt. There was no tender of any proof upon this issue. As said in Harrington et ux v. Claflin, 91 Tex. 294, 42 S. W. 1055:

"What other property they held to secure their debt does not appear. They should have made the proof which would show them equitably entitled to enforce these notes and the lien upon this land in order to protect themselves."

Having failed to make this proof, the judgment of the court must be affirmed. Iowa City State Bank v. Friar (Tex. Civ. App.) 167 S. W. 261; Bruyere v. Liberty National Bank (Tex. Civ. App.) 262 S. W. 844; Wharton v. Washington County State Bank (Tex. Civ. App.) 153 S. W. 699; Smith v. Cooley (Tex. Civ. App.) 164 S. W. 1050; Continental & Commercial National Bank v. Meister (Tex. Civ. App.) 186 S. W. 377; Poythress v. Ivey (Tex. Com. App.) 228 S. W. 157; Van Winkle Gin Co. v. Citizens' Bank of Buffalo, 89 Tex. 147, 33 S. W. 862; Clarenda Trust & Savings Bank v. Landreth (Tex. Civ. App.) 235 S. W. 989; Live Stock State Bank v. N. S. Locke, 277 S. W. 405, decided by this court.

The judgment is affirmed.