**CITY NAT. BANK OF GALVESTON v. UNDERWOOD et al. (No. 7102.)**

Court of Civil Appeals of Texas. Austin. April 13, 1927.

Rehearing Denied May 4, 1927.

1. Bills and notes ⬯497(3)—Innocent holder of paid collateral notes must prove debt secured, insufficiency of other collateral, and that he will lose debt unless he recovers.

For one holding notes in due course as collateral to recover against a maker who had paid the notes, holder must prove the amount unpaid of the debt secured, that other collateral is insufficient to pay the debt, and that the debt will be lost unless recovery be permitted.

2. Bills and notes ⬯334—Holder of note, given without consideration as collateral, later accepting it and others in settlement of claim, with knowledge of facts, held not "holder in due course" by purchaser (Negotiable Instruments Act [Vernon's Ann. Civ. St. 1925, arts. 5932–5948]).

Holder of note, taken as collateral security, and later accepted with others in settlement of claim after knowledge of fact that it was given without consideration, *held* not "holder in due course" by purchaser, in view of Negotiable Instruments Act (Vernon's Ann. Civ. St. 1925, arts. 5932–5948).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Holder in Due Course.]

Appeal from District Court, Lampasas County; Lewis H. Jones, Judge.

Action on a note by City National Bank of Galveston against W. S. Underwood and others. From an adverse judgment, plaintiff appeals. Affirmed.

H. F. Lewis, of Lampasas, and McDonald & Wayman, of Galveston, for appellant.

J. C. Abney and Roy L. Walker, both of Lampasas, for appellees.

BLAIR, J. [1] This litigation grew out of the transaction fully stated in the case of City National Bank v. Pearce, 291 S. W. 291, recently decided by this court, wherein appellant loaned Lometa State Bank $10,000 on its note, collaterally secured with its customer's notes aggregating $14,705.26, among which was the note of appellee for $2,000, and on which appellant here sues, alleging that it is a due course holder under indorsement of Lometa State Bank, payee in the note. Appellee pleaded that at one time he owed Lometa State Bank a note for $2,000, which was held by Federal Intermediate Credit Bank, and, desiring to renew it, he executed the note in suit, and Lometa State Bank sent it to appellant to see if it would make the loan, which it refused to do; that then a renewal note was made to Federal Intermediate Credit Bank, which was later paid; and that appellee never received any money nor any consideration for the note in suit, and, as between appellee and Lometa State Bank, this defense was fully established.

Here, as in its case against Pearce, supra, appellant wholly failed to affirmatively allege and prove the amount still due on its debt for which the note was held as collateral security, or that the other securities held were insufficient to pay its debt, and failed to show that it would lose its debt, unless permitted to collect the note in suit, and the judgment must be affirmed for that reason. As held in the Pearce case, supra, and cases there cited, it was incumbent upon appellant, who was in possession of all the facts, to make proof thereof before its equity as an innocent holder of the note as collateral security would prevail over the valid defense of the maker, and then only in so far as absolutely necessary to prevent it from sustaining loss.

[2] However, appellant insists that it is a holder in due course of the note by purchase, and that the rule announced above is not applicable, and cites several sections of the Negotiable Instruments Act (Vernon's Ann. Civ. St. 1925, arts. 5932–5948) relating to "a holder in due course" in support of the contention. But the undisputed evidence shows appellant not to be a holder in due course by purchase. It purchased the note or took it in settlement of its claim on its original debt against Lometa State Bank, under an agreement with said bank and the banking commissioner in charge thereof that it would accept the note and the other collateral notes held and an approved claim for the balance of its debt in lieu of its said indebtedness. There is no proof that any value was placed on the note in suit, and it was accepted by appellant under written agreement releasing Lometa State Bank and the banking commissioner from any and all liability on the note, and without recourse. This settlement was made after maturity of the note, and after appellant had full knowledge of the defense

of appellee to the note, and that in fact there was no consideration for its execution. So the trial court rendered the only judgment that could have been rendered under the undisputed facts, and it will be affirmed.

Affirmed.