## STANLEY et ux. v. COLUMBUS STATE BANK.

No. 15420.

Court of Civil Appeals of Texas.
Fort Worth.

May 22, 1953.

Rehearing Denied June 12, 1953.

Bracewell & Tunks and Joe H. Reynolds, all of Houston, for appellants.

Massey, Hodges, Moore & Gates, of Columbus, for appellee.

BOYD, Justice.

On May 17, 1952, appellants Lincoln H. Stanley and wife, as part consideration for the purchase of an 18-acre tract on which was situated a motel, executed and delivered to Mrs. Monetta V. Daniels a note in the principal sum of $37,722.50, bearing interest from date at five per cent per annum, and at ten per cent per annum after maturity, due in monthly installments of $400.13, beginning July 1, 1952, with accelerated maturity and ten per cent attorney's

fees clauses, and secured by vendor's and deed of trust liens on said property. Mrs. Daniels immediately endorsed and assigned the note and liens to appellee Columbus State Bank as collateral security for a note owed by her to the bank in the principal sum of $15,500, dated May 17, 1952, bearing interest from date at five per cent per annum, providing for ten per cent attorney's fees, and due in sixty days.

On June 19, 1952, appellants filed suit in the 133rd District Court of Harris County against Mrs. Daniels, Cause No. G407011, for cancellation of the $37,722.50 note and the liens on the ground of fraud in their procurement, and in the alternative for damages. On July 3, 1952, appellee Bank filed suit in the District Court of Colorado County against appellants for the principal, interest and attorney's fees on said note and for foreclosure of the liens. Appellants filed their original answer in the Colorado County suit on August 22, 1952, being a general denial. Appellants' amended answer filed on September 12, 1952, contained special exceptions, a general denial, and a special answer alleging that the instruments declared upon were procured by fraud and that appellee had knowledge of the fraud at the time it became the holder of the note. Such knowledge was denied by the Bank. Appellants filed a second amended answer on September 24, which consisted of a plea in abatement setting up the pendency of the Harris County suit, special exceptions, general denial; and special answer as in the first amended answer. On September 25, the plea in abatement was heard and overruled, and the cause on its merits was tried before the court on September 26, resulting in a judgment for appellee against appellants for $42,233.73, with interest from that date at ten per cent per annum, and for foreclosure of the vendor's lien and deed of trust lien on the property. This is an appeal from that judgment.

Appellants' first point is that the court erred in overruling the plea in abatement. The question as to whether the pendency of another cause will abate a suit involving the same subject matter and between substantially the same parties has been many times

before our courts, and before the decision by the Supreme Court in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, there was a lack of uniformity in the holdings. In some cases it was held that the common-law doctrine that a pending suit between two parties would abate a second suit between the same parties on the same cause of action was not the rule in Texas. Garza & Co. v. Jesse French Piano & Organ Co., 59 Tex.Civ.App. 590, 126 S.W. 906; Liberty Milling Co. v. Continental Gin Co., Tex. Civ.App.; 132 S.W. 856; Cole v. State ex rel. Cobolini, Tex.Civ.App., 163 S.W. 353; Hartzog v. Seeger Coal Co., Tex.Civ.App., 163 S.W. 1055. The plea of another action pending has been held to be unavailing where the plaintiff in one suit was the defendant in the other. McCoy v. Bankers' Trust Co., Tex.Civ.App., 200 S.W. 1138, citing 1 C.J., p. 82, and Standard Encyc. of Proc., p. 1018. See, also, 1 C.J.S., Abatement and Revival, § 61. In some cases where the common-law doctrine has been recognized as in force in Texas, the courts have refused to apply it where one suit was for debt and foreclosure and the other was a suit to cancel the debt and lien. Garza v. Sullivan, Tex.Civ.App., 27 S.W. 1032.

Appellants strongly rely upon the decision in Cleveland v. Ward, supra, as authority for holding that their plea in abatement should have been sustained. In that case, a suit was filed in the District Court of Johnson County to cancel certain notes and liens. The defendant in the Johnson County case, along with others who claimed to be holders of some of the notes involved, thereafter filed a suit in a District Court of Dallas County to collect the notes and foreclose the liens. A plea in abatement was filed in the Dallas County case setting up the pendency of the suit in Johnson County. Before the plea in abatement was heard, the plaintiffs in the Johnson County case amended and made all the plaintiffs in the Dallas County District Court parties defendant in the Johnson County case. The Johnson County plaintiffs having finally sued all the Dallas County plaintiffs in Johnson County, the Supreme Court held that the Johnson County District Court had jurisdiction of the subject matter and all the parties, and the power and right to proceed to judgment, and the plea in abatement was therefore good. The Supreme Court said, [116 Tex. 1, 285 S.W. 1070], "The district court of Johnson county, then, in permitting the pleadings in that court to be amended so as to bring in parties interested in and to be affected by the decree sought, acted clearly within its express statutory jurisdiction and power to permit additional parties to be made 'when they are necessary or proper parties to the suit.'

"The case therefore stands in that court, in so far as any jurisdictional question is concerned, precisely upon the same basis as if the original pleading filed had embraced fully the declarations of the last amendment, and had made all of those who are now parties to the suit parties in the first instance.

\*  \*  \*  \*  \*  \*

"The reason of the abatement of the subsequent suit by the first, where the latter is filed in a court of competent jurisdiction, and that jurisdiction has attached, is that, when the suit is brought, it is thereby segregated as it were from the general class to which it belonged, and withdrawn from the authority and jurisdiction of all other courts of co-ordinate power. \* \* \*" The opinion quotes from State ex rel. Sullivan v. Reynolds, 209 Mo. 161, 107 S.W. 487, 15 L.R.A.,N.S., 963, as follows:

"'It is the possession of jurisdiction of the court over the particular case in litigation that segregates and takes it from the general classes of cases to which it belongs which excludes the jurisdiction of another court of co-ordinate jurisdiction from attaching to the same cause; and the reason for this is apparent, because it no longer belonged to the class of cases over which the latter court has jurisdiction at the time the second suit was filed therein. It had become extinct or ceased to exist as a cause of action so far as the latter court was concerned, and had become merged, as it were, into an action pending in another court.'"

In the case before us, the only defendant in appellants' suit in Harris County was Mrs. Daniels, the payee of the note. The Bank, the holder of the note, had a right to file a suit for its collection, and, not

being a party to the Harris County suit, it had a right to choose the forum in which it would litigate. Had appellants amended and made the Bank a party to the Harris County suit, the situation then might have been controlled by the decision in Cleveland v. Ward. We know of no authority for the proposition that the holder of a note, who is not an actual party to a former suit by the maker against the payee to cancel the note, although he could have properly been made a party, cannot maintain against the plaintiff in the former suit a cause in another court for collection of the note. If the Harris County suit had been tried and had resulted in a judgment cancelling the note and liens as against Mrs. Daniels, the Bank could still maintain suit upon the debt and liens to the extent of its interest in the subject matter. Hickman v. Cooper, Tex.Civ.App., 210 S.W.2d 858, writ refused, n. r. e.; McKenzie v. Frey, Tex.Civ. App., 198 S.W. 1009.

■ We are of the opinion that the District Court of Harris County did not have jurisdiction of the Bank's cause of action, the Bank not having been made a party to that suit. Jurisdiction is the power of a court to hear and determine a controversy between parties to a suit. Farmers' Nat. Bank of Stephenville v. Daggett, Tex.Com. App., 2 S.W.2d 834. "There are three elements of jurisdiction: (1) The court must have cognizance of the class of cases to which the one to be adjudicated belongs; (2) the proper parties must be present; (3) the point decided must be in substance and in effect within the issue. * * *" Stewart v. Moore, Tex.Com.App., 291 S.W. 886, 891; see also 21 C.J.S., Courts, § 35a, page 43. Jurisdiction of the person of a defendant is acquired by service of such process as the law provides, or by his voluntary appearance, or by his waiver of service. Glass v. Smith, 66 Tex. 548, 2 S.W. 195; 15 C.J., p. 786, sec. 82; Walker v. Koger, Tex. Civ.App., 99 S.W.2d 1034, writ dismissed; Lipscomb v. McCart, Tex.Civ.App., 295 S. W. 245; Swartz v. Caudill, 279 Ky. 206, 130 S.W.2d 80. Appellants' first point is overruled.

■ Appellants' next contention is that the court erred in overruling their exceptions to appellee's petition because of the failure to allege that it had no other security for its debt from Mrs. Daniels, and that its debt is not collectible otherwise than by this suit. However, appellee's second supplemental petition alleged that it had no other security for Mrs. Daniels' note and she owns no property out of which the debt can be collected and appellee would lose its debt unless allowed to recover in this cause. Although this pleading amounted to an amended rather than a supplemental petition, no complaint was made of the misnomer, and we think the allegation was sufficient, and the court's action in overruling the exceptions was not error.

■ Appellants' final point is that the court erred in granting judgment for more than the amount of Mrs. Daniels' indebtedness to the Bank. The point is sustained. When there is an issue between the maker and the payee of a note, the holder of the note pledged as collateral security for a debt is protected only to the extent of the indebtedness thereby secured. Blackburn v. Temple Nat. Bank, Tex.Civ.App., 216 S. W.2d 233, writ refused, n. r. e.; Iowa City State Bank v. Friar, Tex.Civ.App., 167 S. W. 261; Live Stock State Bank v. Locke, Tex.Civ.App., 277 S.W. 405, writ refused; City Nat. Bank of Galveston v. Pearce, Tex.Civ.App., 291 S.W. 291; Wright v. Hardie, 88 Tex. 653, 32 S.W. 885; Harrington v. H. B. Claflin & Co., 91 Tex. 294, 42 S.W. 1055; Van Winkle Gin & Machinery Co. v. Citizens' Bank of Buffalo, 89 Tex. 147, 33 S.W. 862; Wharton v. Washington County State Bank, Tex.Civ. App., 153 S.W. 699. In Iowa City State Bank v. Friar, supra, it is said [167 S.W. 263]: "The innocent holder of a negotiable note as collateral security, to which there is a valid defense against the original payee, is protected, but only to the extent of his interest—the amount of the debt for which it is held as collateral." Since the debt owing to appellee Bank by Mrs. Daniels determines the amount of its claim, appellee can recover for interest only as provided for in its note made by Mrs. Daniels, and not as provided for in the note executed by appellants. Blackburn v. Temple Nat. Bank, supra.

. In this case, it is immaterial that appellants have not established their right to cancel the note as against Mrs. Daniels. That issue can only be determined by the District Court of Harris County. Although the Bank alleged that no fraud had been practiced upon appellants in the procurement of the note, and that if they ever had the right to rescind, they lost it by continuing to use the property and by renting it to other persons, we do not construe the trial court's judgment as a holding that those issues were resolved against appellants. That cause of action having been "segregated" by the filing of the Harris County suit and "withdrawn from the authority and jurisdiction of all other courts of co-ordinate power," the 133rd District Court of Harris County alone had jurisdiction of that cause. Cleveland v. Ward, supra; Conn v. Campbell, 119 Tex. 82, 24 S.W.2d 813.

A computation will show that the total amount due on Mrs. Daniels' note at the date of the judgment, including principal, interest and attorney's fees, was $17,355.-46. The judgment of the trial court is reformed to allow recovery by appellee for its debt in the amount of $17,355.46, with interest from September 26, 1952, at five per cent per annum; in all other respects the judgment is affirmed.

The costs of the appeal are adjudged against appellee.