**H. E. McCOLLUM, Appellant,**

v.

**Gerald F. MAY, Appellee.**

No. 16590.

Court of Civil Appeals of Texas,
Dallas.

Sept. 24, 1965.

J. Paul Pomeroy, Jr., Houston, for appellant.

Bailey & Williams and Lawrence R. Maxwell, Jr., Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a summary judgment. Appellee depends solely on his

sworn Original Petition with attached exhibits to support his summary judgment against appellant H. E. McCollum.

In the same suit a judgment was also taken by appellee against Pete Covington, who did not appeal.

### APPELLEE'S PLEADINGS

In his motion for summary judgment appellee says, "This is a suit on sworn account under Rule 185 of the Texas Rules of Civil Procedure. As required by said rule Plaintiff's Original Petition is accompanied by the affidavit of James A. Williams, Attorney of Record for the Plaintiff Gerald F. May."

The affidavit above referred to, omitting formal parts, is as follows:

"Before me the undersigned authority personally appeared JAMES A. WILLIAMS, who being by me first duly sworn, states that he is the Attorney of Record for the Plaintiff, Gerald F. May, that he has knowledge of the facts herein set forth, and is duly authorized by the said Plaintiff to make this Affidavit, that the indebtedness as hereinabove alleged is due and owing at this time, and that such indebtedness within the knowledge of Affiant is just, true and correct and that all just and lawful offsets, payments and credits have been allowed."

We have quoted the above affidavit to show that it complies with the form of affidavit prescribed in Rule 185, T.R.C.P. for a suit on sworn account, but it does not meet the requirements of Rule 166–A, Sec. (e) for an affidavit to support a summary judgment.

A condensed statement of the allegations in appellee's Original Petition, filed September 30, 1964, is necessary to an understanding of the points presented in this appeal:

1. Appellee alleges that on February 1, 1960 C. M. & M. Carcass Co. and H. E. McCollum, Lee W. Mitchell, and Pete Covington individually, executed their promissory note payable to Pete Covington for $5,000 due September 30, 1960. This note is unusual in that Pete Covington appears to be both a maker and the payee. The record gives no explanation of this situation. We shall hereafter refer to this instrument as the McCollum note.

2. On February 1, 1960 Pete Covington executed a note payable to appellee G. F. May for $9,000 due September 30, 1960. The date of execution and the due date of this note are the same as the McCollum note.

3. On March 10, 1960 Pete Covington assigned the $5,000 note signed by McCollum and others to appellee G. F. May "as collateral for note of $9,000.00 to G. F. May by Pete Covington."

4. On August 9, 1961 Pete Covington and appellee May signed a document, the first paragraph of which states, "The following summarizes an agreement entered into between Gerald F. May and Pete Covington." This document recites that both the McCollum note for $5,000 and Covington's note for $9,000 were still unpaid. So Covington agreed to execute two new notes "in working out a settlement of Covington's $9,000 note." Appellee May would continue to hold McCollum's $5,000 note and Covington's $9,000 note as collateral for the two new notes to be executed by Covington. McCollum was not a party to this agreement.

5. Pursuant to said agreement on August 9, 1961 Covington executed a note for $5,000 payable to appellee May at the rate of $100 per month beginning September 1, 1961.

6. Also pursuant to the agreement on August 9, 1961 Covington executed a note for $4,000 payable to appellee May on or before one year after date.

Appellee further alleged in his Petition that the amount due on the $5,000 McCollum note, which he held as collateral, was

$7,940, including principal, interest and attorney's fees. The total amount due on the $9,000 Covington note was $14,322.

In the alternative appellee alleged that the amount due on the two Covington notes of August 9, 1961 was $12,930, after crediting Covington with payments totaling $400.

## APPELLANT'S PLEADINGS

McCollum filed a sworn Original Answer to appellee's sworn Original Petition.

In his sworn Original Answer McCollum pled (1) a general denial, and that (2) there never was any consideration given to him by the payee, Covington, for the $5,000 note of February 1, 1960, (3) appellee May is not a holder of said note in due course, (4) he is not a bona fide purchaser, and (5) he is not the owner of the note.

McCollum did not file a reply to appellee's unsworn motion for summary judgment.

## OPINION

We shall first consider appellant's second and third points on appeal in which he asserts that Rule 185, T.R.C.P. does not apply to the facts alleged by assignee-appellee May since (2) appellant was not a party to the contractual agreements between appellee May and Pete Covington, and (3) Rule 185 does not apply to special contracts.

We agree with appellant. In McCamant v. Batsell, 59 Tex. 363, our Supreme Court, speaking through Judge Stayton, held that a debt which is not the result of a transaction between the parties to it, but which is the result of a transaction between one of them and some other person cannot constitute such an account as the statute (now Rule 185) contemplates. This holding is quoted by the San Antonio Court of Civil Appeals in Eng v. Wheeler, 302 S.W.2d 263, 266. See also Nat'l Surety Corp. v. Dabney, 282 S.W.2d 70, 73 and Duree v. Aetna Ins. Co., 66 S.W.2d 764.

In Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75, 78, our Supreme Court held that Rule 185, T.R.C.P. is not a rule of substantive law, but is a rule of procedure with regard to evidence necessary to establish a prima facie right of recovery or defense and is not the basis for a cause of action; and further, it does not include transactions resting on special contract. See cases cited in the opinion in support of the holding. Appellant's second and third points are sustained.

In his first point appellant says that issues of fact were joined, which issues, if found in favor of appellant, would require judgment in his favor.

So far as appellant McCollum is concerned appellee May's Petition seeks to assert a cause of action against McCollum on a promissory note in which May is not the payee, but which note May holds only by assignment as collateral security for notes executed by Pete Covington. The rule of law is that when a negotiable instrument held as collateral security is subject to defenses as between the original parties, the holder of the collateral must plead and prove that he will lose his principal debt, or part thereof, unless he is permitted to collect the collateral sued on. Appellee May has neither pled nor proved such facts in this case, though McCollum in his sworn Original Answer pled certain defenses to the note, as heretofore pointed out. In view of the fact issues thus raised by McCollum's Original Answer the Original Petition of appellee May, standing alone, is insufficient to support a summary judgment in May's favor. Harrington v. H. B. Claflin & Co., 91 Tex. 294, 42 S.W. 1055; Cont. & Com'l. Nat'l Bank of Chicago v. Meister, Tex.Civ.App., 186 S.W. 377; Farwell v. Tingle, Tex.Civ.App., 280 S.W. 232; Hays v. Walsh, Tex.Civ.App., 280 S.W. 877; City Nat'l Bank v. Pearce, Tex.Civ.App., 291 S.W. 291; City Nat'l Bank v. Underwood, Tex.Civ.App., 293 S.W. 941; Kincaid v. Lee County State Bank, Tex.Civ.App., 4 S.W.2d 310; Harris

v. Wuensche, Tex.Civ.App., 7 S.W.2d 595; Harris v. Bucek, Tex.Civ.App., 8 S.W.2d 565; Stanley v. Columbus State Bank, Tex. Civ.App., 258 S.W.2d 840; 9 Tex.Jur.2d 308–310.

Appellee May says that the defenses pled by McCollum are conclusions of law, therefore cannot be considered. This statement would ordinarily be correct if we were passing on the sufficiency of affidavits and counter-affidavits attached to a motion for summary judgment or an answer to a motion for summary judgment. But that is not the situation here. In this case both parties are relying only on their pleadings —appellee on his sworn Original Petition and McCollum on his sworn Original Answer.

■ Rule 45, T.R.C.P., referring to petitions and answers, provides that an allegation of a legal conclusion shall not be ground for objection when fair notice to the opponent is given by the allegations as a whole. In construing this rule our courts have held that pleading a legal conclusion is permissible if the pleader's adversary is not misled by it. This is especially true where the adversary has not excepted to the sufficiency of the pleading. White v. Bond, Tex.Civ.App., 355 S.W.2d 225 (rev. on other grounds, Tex.Civ.App., 362 S.W. 2d 295); Blackstock v. Gribble, Tex.Civ. App., 312 S.W.2d 289; Atkinson v. Thompson, Tex.Civ.App., 311 S.W.2d 250. Appellee filed no exceptions to the legal conclusions alleged in McCollum's Original Answer.

■ The situation we have before us then boils down to this: Appellee May, to support his unsworn motion for summary judgment, relies solely on his sworn Original Petition with attached exhibits. Appellant McCollum traverses appellee's Petition with a sworn Original Answer which is in compliance with Rules 45, 93 and 94, T.R.C.P. and which as a pleading, raises material defensive fact issues. Neither party went forward with any depositions, other exhibits, other affidavits, or evidence. It is simply a case of pleading versus pleading. Appellee has not discharged the burden which was on him under Rule 166–A to show beyond any doubt that there are no fact issues in this case. Appellant's first point is sustained.

In his fourth point appellant asserts that the "attorney's affidavit attached to appellee's Original Petition is insufficient to support a summary judgment under Rule 185 * * *."

■ The affidavit does not comply with Rule 166–A, Sec. (e) with reference to summary judgment. It simply says that the affiant "has knowledge" of the facts. It does not state that the affidavit is made on "personal knowledge." His "knowledge" could be based on hearsay information. Further, the affidavit does not show affirmatively that affiant is competent to testify to the matters stated therein.

■ However, McCollum did not except to the sufficiency of the affidavit. Our Supreme Court has held that objections to deficiencies such as are present in the affidavit here may not be raised for the first time on appeal in summary judgment proceedings "when it fairly appears from the record that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230. We do not believe that the Supreme Court's holding is applicable here since we have held that the record does fairly present material fact issues.

We believe that the situation here is more analogous to that in Box v. Bates, 162 Tex. 184, 346 S.W.2d 317, in which no showing was made before the trial court with proof in the nature of depositions, admissions, or other evidence, and it was held to be error under the circumstances to sustain a motion for summary judgment.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent herewith.

Reversed and remanded.