# MAY, 1905.

## W. W. NELSON v. H. C. BRIDGE ET AL.

Decided May 1, 1905.

### 1.—Administration—Jurisdiction—Limitations.

Administration proceedings under a will are not rendered void by reason of the fact that they were not begun until more than four years after the testator's death, the statutory requirement (Rev. Stats., arts. 1880, 1881) that the proceedings shall be commenced within four years not being jurisdictional in its nature. Following opinion of Supreme Court on certified question in this case. 98 Texas, 523.

### 2.—Administrator's Deed—Quitclaim—Innocent Purchaser.

An administrator's deed is not a quitclaim such as will, per se, deprive the grantee therein of the character of an innocent purchaser without notice. He will be entitled to protection as such if it appears from the whole transaction that it was the purpose to sell and the intention of the purchaser to buy the land itself, and not a mere chance of title.

### 3.—Same—Rule Applied.

Where lands were listed by the administrator as part of the estate of the decedent and the apparent legal title was in the decedent at the time of his death, and they were appraised in their entirety and ordered sold without recognition or mention of any outstanding interest, the lands themselves were sold and not the mere chance of title.

**4.—Innocent Purchaser—Prior Owner Crediting Bid.**

The grantee in a warranty deed is entitled to protection as an innocent purchaser, although his grantor was not a purchaser for value in that he paid for the land by crediting his bid for it on a debt, where the later grantee did not know of that fact, and the deed to such grantor recited merely a cash consideration paid.

**5.—Same—Community Property—Heirs of Wife.**

Where lands which were community property were patented to the husband alone, and were sold by his administrator, the full title thereto passed to a purchaser who was without notice actual or constructive of the community interest of the wife and the claim of her heirs.

**6.—Same—Recitals in Chain of Title—Will.**

A purchaser at an administrator's sale who had no actual notice that the decedent had been married was not charged with notice that he left children by the recitals in his will, making bequests to them, where the sale was not made under the will, but at the instance of a creditor, so that the will was no part of the purchaser's chain of title.

**7.—Same—Notice of Community Interest.**

Even if the purchaser was bound to take notice of the recitals in the will and therefore of the fact that the testator had children, this alone would not be sufficient to charge him with notice of the community interest of the testator's deceased wife and the rights of her children.

Error from the District Court of Galveston. Tried below before Hon. R. G. Street.

*Bullett & Louis* and *Ewing & Ring,* for plaintiff in error.—1. As the County Court of Hardin County, Texas, was a court of general jurisdiction, which was conferred upon it by the Constitution, it had jurisdiction to grant the administration, and if it granted administration after the lapse of four years from the death, its action in so doing was not void, especially as the statute only provides that application for administration filed more than four years after death shall be dismissed, and for this reason the administration was not void but voidable, and this could not be taken advantage of upon a collateral attack. Henry v. Rowe, 83 Texas, 436.

2. The failure of the court to dismiss the application filed more than four years after death would not render the administration void, but voidable only on direct attack. Bear Bros. v. Mark, 63 Texas, 298; Sed. on Con. of Stat., 316, 325, 360; Insurance Co. v. Madison, 132 N. Y., 398; Rev. Stats., arts. 1842, 1880, 1926, 1927, 1842.

3. As the mother of defendants in error held the community interest in the property in controversy this interest was an equitable interest, and the only interest that passed into her children at her death was an equitable interest, and it devolved upon them to show that the Crescent Insurance Company, at the time it acquired its lien and at the time it purchased the property, had notice of the equitable title in defendants, and it was not sufficient to show that at the time said company purchased the property it had knowledge that Isaac Bridge had at one time been married and had children, but it devolved upon the defendants in error to show that the company knew that the property was acquired during the existence of the marriage relation between Isaac Bridge and the

mother of the defendants in error at the time it acquired its lien. Hall v. Guinn, 23 S. W. Rep., 289; Fauncy v. Mayes, 76 Texas, 565; McBride v. Moore, 37 S. W. Rep., 450; Dixon v. Moore, 30 S. W. Rep., 76.

*Masterson & Masterson,* for defendants in error.—1. More than four years having elapsed between the death of Isaac Bridge and the application by Geo. C. O'Brien for letters of administration, and that fact appearing in the application itself, the Probate Court of Hardin County had no jurisdiction, and it being a question of want of jurisdiction and not merely one of irregularity in proceeding, the attempted grant was absolutely void, not voidable, and is subject to collateral attack. Rev. Stats., arts. 1869, 1880, 1881, 1884, 1888, 1926, 1927; Withers v. Patterson, 27 Texas, 499; Lindsay v. Jaffray, 55 Texas, 637; Paul v. Willis, 69 Texas, 266, 7 S. W. Rep., 357; Lynch v. Baxter, 4 Texas, 431; Giddings v. Steele, 28 Texas, 750; 1 Freeman on Judgments (4th ed.), 177; Harvey v. Richards, 1 Mason's Reports (U. S.), 381; Finch v. Edmonson, 9 Texas, 514; Jones v. Taylor, 7 Texas, 244; Hearn v. Camp, 18 Texas, 551; Ryan v. Texas & Pac. Ry. Co., 64 Texas, 246; Lloyd v. Mason, 38 Texas, 213; Webster v. Willis, 56 Texas, 474; Summerlin v. Robb, 31 S. W. Rep., 712; Bayles v. Forbes, 9 Texas, 40; Marks v. Hill, 46 Texas, 350; Harwood v. Wiley, 7 S. W. Rep., 358; Chapman v. Brite, 23 S. W. Rep., 514.

2. If we apply the rule invoked by plaintiff that the entire statute relating to estates of deceased persons should be construed together, we observe that every article in our statutes on the subject provides that "All applications for administration," etc., should be refused and the only exception is made when "letters have been previously granted on the same estate by said court" (i. e. administration *de bonis non*). If it had been the legislative intent to also exempt ancillary administrations from the general rule it would have been so expressed when *de bonis non* administrations were exempted. For all jurisdictional purposes an ancillary administration is entirely distinct from any foreign administration; does not depend upon it, nor is it governed by it, and is in its nature an original administration. Rev. Stats., arts. 1880, 1881, 1926, 1927, 1924; Carrigan v. Semple, 12 S. W. Rep., 138; Jones v. Jones, 15 Texas, 464; Cherry v. Speight, 28 Texas, 503; Aspden v. Nixon, 4 How., 466; Stacy v. Thrasher, 6 How., 43; McLean v. Meek, 18 How., 18; Johnson v. Powers, 139 U. S., 159; Carr v. Lawes Extr., 7 Heisk., 84; Keaton v. Campbell, 2 Humph., 224; Harvey v. Richards, 1 Mason's Reports.

3. The interest held by the husband and the wife in community property are identical and equal, but even were this not the law, certainly when both the wife and the husband are dead the title, legal and equitable, of both of them vests immediately in their heirs, and both having exactly the same heirs, those heirs hold a perfect legal title, subject only to payment of debts, and if the husband's estate only is administered upon, and no community debts are proved, one-half of the property held by the heirs is exempt from sale by such administrator and no deed by him can pass any title to that half. Heidenheimer v. Loring, 26 S. W. Rep., 2010; Thompson v. Cragg, 24 Texas, 582; Johnson v. Harrison, 48 Texas, 257; Veremendi v. Hutchings, 48 Texas, 531;

Tiemann v. Robson, 52 Texas, 411; Caruth v. Grigsby, 57 Texas, 259; Moody v. Butler, 63 Texas, 210; Roy v. Whittaker, 92 Texas, 358; Bass v. Davis, 38 S. W. Rep., 268; Peterson v. McCauley, 25 S. W. Rep., 826; Brackenridge v. Rice, 30 S. W. Rep., 588; Wood v. Box, 66 Texas, 596; Kirby v. Moody, 84 Texas, 202,

4. Plaintiff can not claim to be an innocent purchaser for value at the administration sale, as against the community interest of Mrs. Mary Bridge, held by her heirs, because the will of Isaac Bridge was probated in Hardin County, a part of the proceedings by which O'Brien got his pretended authority to make the sale and a simple reference to it would have shown that Bridge had children (for it named two of them and referred to others), and did put the purchaser upon notice that there must be a wife's share somewhere. Rev. Stats., art. 5356; Littleton v. Giddings, 47 Texas, 115; Slayton v. Singleton, 72 Texas, 213; Sanburn v. Schuler, 86 Texas, 118.

5. A title by inheritance is in its very nature incapable of registration, hence can not be defeated by a plea of innocent purchaser for value without notice, therefore plaintiff can not claim that protection as against the title which defendants inherited as the heirs of Mrs. Bridge. Mitchell v. Marr, 26 Texas, 331; New York & Texas Land Co. v. Hyland, 28 S. W. Rep., 209; Trammel v. Neal, 1 Posey's U. C., 51; Heidenheimer v. Loring, 26 S. W. Rep., 101; McGregor v. Thompson, 26 S. W. Rep., 649; East Texas Land & Imp. Co. v. Shelby, 41 S. W. Rep., 542.

6. The deed from O'Brien, administrator of Isaac Bridge, to the Crescent Insurance Company is in its nature a quit claim deed in the strictest sense and it does not even purport to convey the land, but "only all such right, title or claim as deceased had at the time of his death," and hence will not support a plea of innocent purchaser. Culmell v. Barroum, 35 S. W. Rep., 942; Huff v. Crawford, 89 Texas, 412, 34 S. W. Rep., 606; Garrett v. Christopher, 74 Texas, 453, 12 S. W. Rep., 67; Tram Lumber Co. v. Hancock, 70 Texas, 312, 7 S. W. Rep., 724; Carter v. Wise, 39 Texas, 273.

7. The plea of innocent purchaser can not be maintained by plaintiff because of the recognized rule that a purchaser at an execution or administrator's sale who credits the amount of his bid upon a preexisting debt can not claim to be a bona fide purchaser for value. McKamey v. Thorp, 61 Texas, 648; Orme v. Roberts, 33 Texas, 768; Delespine v. Campbell, 52 Texas, 12.

GILL, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by W. W. Nelson, the plaintiff in error, to recover of the defendants in error the lands described in the petition. The answer was not guilty. Upon a trial to the court judgment was rendered for defendants, the trial court holding that the administration proceedings through which plaintiff deraigned his title was void. The facts are as follows:

In 1881 Isaac Bridge died testate in the city of New Orleans, Louisiana. In February of that year his will was duly admitted to probate in the court of that parish having jurisdiction of probate matters, and R. B. Bridge, being named as executor in the will, was appointed and

qualified as such. Deceased had no kindred in Texas, but he died owning lands in this State which were community property of himself and his deceased wife, they having been acquired by him as original grantee from the State during the existence of the marital relation between himself and her. There was nothing in the grants or the nature of the title acquired to indicate that he was a married man at the time of their acquisition. In 1887 George C. O'Brien applied to the Probate Court of Hardin County, Texas, for letters of administration, with the will annexed, on the estate of Isaac Bridge, situated in Texas. The written application set up the facts, disclosed the date and place of decedent's death, the pendency of the proceedings in Louisiana, tendered a certified copy of the will for probate, and alleged a necessity for administration in this State.

The application was promptly granted and O'Brien was duly appointed and qualified. He thereafter applied for an order for the sale of the lands of the estate in this State for the purpose of paying the debts of the estate. The order was granted, the lands sold, the sale confirmed and deeds duly executed by O'Brien to the purchaser. The purchaser was the holder of the only claim exhibited against the estate, and the purchase price was credited on his debt. The administrator's deed did not disclose that it was made in partial discharge of the vendee's claim, but recited a cash consideration of $1,699.

The granting clause in the deed is, "have granted, sold and conveyed to the Crescent Insurance Company, . . . to have and to hold forever, all the right, title, interest and claim of the said Isaac Bridge, deceased, his estate and succession, in and to the lands described in the order of sale . . ." Then follows a full description of the lands conveyed. The deed closes with the words, "together with all and singular the rights, members, hereditaments and appurtenances to said lands belonging or in anywise incident thereto."

The lands conveyed stood in the name of the testator and were listed and appraised as his property. At the date of the conveyance by the administrator there was of record in Jefferson County a forged deed, purporting to have been executed by the testator, conveying the land to one Van Court, but it was not then known to be a forgery.

On the — day of ———, 18—, the Crescent Insurance Company for value sold and conveyed the land to Chas. A. Nicholson, and from the last named vendee Nelson, the plaintiff, in 1902 purchased by warranty deed for value, without actual notice of the fact that the land was the community property of the testator and his deceased wife, without actual notice of the contents of the will and without actual notice of the facts which entitled the defendants to inherit a half interest therein as heirs of their deceased mother. The latter died intestate about twenty-five years prior to the death of the testator, and it was admitted that at the date of the administration in question there were no community debts. Neither the will nor any papers in the proceeding made mention of the deceased wife. The will, however, made the children devisees, and they were therein referred to as the children of the testator. The defendants are either heirs of the testator's deceased wife and devisees under the will or else claim under such heirs and devisees.

Before Nelson consummated the purchase from Nicholson he submitted

an abstract of the title to his attorneys and received from them an assurance that the title was in Nicholson. Upon the faith of the abstract and this assurance he made the purchase, paid the price and received a warranty deed, having no actual notice of the title asserted by these defendants except that contained in the abstract of title and such constructive notice as may be chargeable to him by law by reason of the probate and deed records of Hardin County.

The appeal is upon agreed facts and we refer to the record for the full statement. We have sought to make a condensed statement and believe the above presents all the facts material to the disposition of this appeal.

Defendants assailed the title of plaintiff upon two principal grounds. First, Because the administration under which plaintiff claims was void. Second, Because, if valid, it nevertheless did not pass the community interest of the deceased wife of the testator under whom the defendants claim.

The questions made under the first contention have been disposed of by the Supreme Court in answer to certified questions from this court. The Probate Court was held to have had jurisdiction. It follows that if the proceedings therein were not void for some other cause, they are valid as against this assault, which is a collateral attack.

Without pausing to enter into further detail we hold that, as against the claim of the defendants in this case, the sale by the administrator in pursuance of the court's order had the effect to pass to the purchaser the interest of the testator in the lands administered.

Whether the plaintiff Nelson procured a good title to the entire property depends upon the validity of his claim of purchase in good faith for value without notice of the interest of the testator's deceased wife. Defendants claim that his plea can not be allowed:

First, because the administrator's deed to the insurance company was a quit claim deed and because the company was not a purchaser for value it acquired thereby only the testator's half interest, and that plaintiff can not plead innocent purchase under such a deed. Second, because the will was in his chain of title and by its terms disclosed the existence of facts which if followed up would have disclosed the defendants' interests. Third, because plaintiff had actual notice of the contents of the will by reason of the recitals of the abstract submitted by him to his attorneys and was thus put upon inquiry.

Defendants' contention that the administrator's deed is a quit claim and will not support the defense of innocent purchase without notice, can not be upheld. In the first place there is no absolute rule by which a quit claim deed is to be distinguished from one conveying the entire title. If the language of the conveyance is ambiguous or open to construction, it will be read in the light of the circumstances surrounding its execution, and from all these will the intention of the parties be gathered.

In White & Newman v. Frank, 91 Texas, 66, it is said that whether a purchaser at an administrator's sale without notice of an unrecorded deed can be protected as a purchaser for value without notice does not depend on the form of the administrator's deed, but if it appears from the whole transaction that it was the purpose to sell and the

intention of the purchaser to buy the land itself, and not a mere chance of title, he may'be an innocent purchaser. The rule stated is peculiarly applicable to the case before us. Here the administration was upon the estate of I. Bridge in Texas. The lands in question were listed as a part of his estate, and the apparent legal title was in him when he died. They were appraised in their entirety and ordered sold without recognition or mention of any outstanding interest. From these things it is manifest that the lands were sold, and not the mere chance of title.

The case cited covers another point in this case. Here the purchaser credited the amount of his bid on the debt against the estate, and so could not be held a purchaser for value. But Nelson, the plaintiff, paid value and received a warranty deed, and in White's case, supra, the familiar rule is reiterated that an innocent purchaser for value from one who is not an innocent purchaser for value may be protected, notwithstanding the attitude of his vendor. It follows that if the insurance company could have been protected had it paid value and this notwithstanding the form of the administrator's deed, then Nelson is protected unless something in his chain of title or in the general situation should have put him upon inquiry. Nothing in the administration records could have had that effect, for in none of them is it intimated that the testator was even married. The will does not, for it was not a part of his chain of title, and it is undisputed that he had no actual knowledge of its contents. The sale by the administrator was not a power exercised by virtue of the will, but in spite of it. Hence, in deraigning his title, the will was neither a necessary nor proper link. While the abstract of title examined by plaintiff's attorneys recited the existence of a will, it did not disclose its nature or its terms. So we find nothing in the record that would amount to constructive notice to Nelson or serve to put him upon inquiry.

If, however, it be conceded that he must take notice of the recitals of the will and therefore of the fact that the testator had children, still the facts fall short of avoiding his actual ignorance of defendants' claims, for it is well settled that that alone is not enough to charge him with notice. (Lyster v. Leighton, 81 S. W. Rep., 1033; Smith v. Olsen, 23 Texas Civ. App., 458; Hall v. Gwynne, 4 Texas Civ. App., 109.)

So it is immaterial whether the legal title to their maternal ancestor's interest was in the testator's estate or in the defendants, for if it be conceded that the burden of proof to show want of notice was on the plaintiff, it had been discharged according to the agreed facts so far as actual knowledge is concerned.

We deem it unnecessary to notice the other questions. In our view of the case they are immaterial. For the reasons given the judgment of the trial court is reversed and judgment here rendered for plaintiffs in error.

*Reversed and rendered.*

Writ of error refused.