## TRADERS' SECURITIES CO. v. GREEN.
### (No. 11882.)

Court of Civil Appeals of Texas. Fort Worth. Nov. 3, 1927.

1. **Bills and notes** ⊛⇒485—**Testimony as to failure of consideration for trade acceptances held inadmissible without verified pleading by defendant (Rev. St. 1925, art. 2010, § 10).**

In action by assignee of trade acceptances to recover thereon, testimony by defendant involving question of failure of consideration *held* inadmissible over timely objection, where there was no verified pleading by defendant setting up failure of consideration in accordance with requirement of Rev. St. 1925, art. 2010, § 10.

2. **Evidence** ⊛⇒441(11)—**Evidence as to parol agreement, not included in trade acceptances, held inadmissible, in action by innocent purchaser for value.**

In action on trade acceptances by innocent purchaser for value, evidence as to parol agreement between salesman of assignor and defendant, not included in written instrument, *held* inadmissible over timely objection.

3. **Bills and notes** ⊛⇒343—**Statement in trade acceptance that obligation arose out of purchase of goods held insufficient to constitute notice as to failure of consideration (Rev. St. 1925, art. 5936, § 62).**

Statement in trade acceptance that obligation of acceptor hereof arises out of purchase of goods from drawer *held* insufficient to constitute notice that there might be a failure in consideration in contract of purchase and sale as bearing on effect of acceptance under Rev. St. 1925, art. 5936, § 62.

Appeal from Clay County Court; J. P. Williams, Judge.

Action by the Traders' Securities Company against R. C. Green. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

John P. Marrs, of Wichita Falls, for appellant.

Frank Holaday, of Henrietta, for appellee.

BUCK, J. The Traders' Securities Company sued R. C. Green in the county court of Clay county, on what is called a "trader's acceptance," in favor of the Arch Manufacturing Company of St. Louis, Mo., and assigned by said manufacturing company without recourse to plaintiff. The three trader's acceptances were as follows, except as to the date of payment; No. 2 being due September 21, 1925, and No. 3 being due November 21, 1925:

"Trade Acceptance.

$59.60                              No. 1404.
"St. Louis, Mo., Apr. 21, 1925.

"Three months after date, pay to the order of ourselves at our office at St. Louis, Mo., fifty-nine and 60/100 dollars.

"The obligation of the acceptor hereof arises out of the purchase of goods from the drawer.

"To Green's Drug Store, Henrietta, Texas.

"Arch Manufacturing Company.

"Due July 21, 1925."

Indorsement on face:

"Accepted: Green's Drug Store.
"(Signature.)"

The pleadings of plaintiff and defendant were all oral. Plaintiff alleged that it was a private corporation and was the owner of three trade acceptances, which were negotiable instruments, each for the principal sum of $59.60, aggregating $188.70; that said trade acceptances were drawn by the Arch Manufacturing Company on or about their date, and presented to the defendant, and accepted and indorsed, "Green's Drug Store," by defendant, who was then doing business in Henrietta in the trade-name of Green's Drug Store; that before maturity and for a valuable consideration to it paid by the plaintiff, said Arch Manufacturing Company sold and assigned and indorsed to plaintiff said acceptances in due course, whereby plaintiff became the owner and holder of said written instruments in due course; that said trade acceptances became due and were by plaintiff presented to defendant, who failed and refused to pay same, or any part thereof, to plaintiff's damage in said sum. Plaintiff sued for its debt, principal, interest, and costs and for general relief.

Defendant entered a general demurrer to plaintiff's petition, and also a general denial, and a special denial that plaintiff was an innocent purchaser of said trade acceptances. Defendant also alleged failure of consideration, in that said trade acceptances were given for some worthless jewelry which was

sold to the defendant by the Arch Manufacturing Company by their salesman; that the manufacturing company, maker of said trade acceptances, and plaintiff were acting together in said scheme and were coconspirators in the whole deal to swindle and defraud defendant; that, when said order was given for the goods, it was understood and agreed that the goods were not to be shipped until fall, and that defendant might cancel said order any time before September of that year, and he was to pay. for said goods only when and as he sold them; that the said manufacturing company shipped out said goods within a few weeks, but not until defendant had written them a letter canceling such order; that the aforesaid company refused to cancel said order and shipped the goods, and same were returned by defendant, and he never received anything of value for said trade acceptances. Defendant alleged that plaintiff had full knowledge of such facts and terms of the transaction between plaintiff and the Arch Manufacturing Company. Defendant prayed that said trade acceptances be canceled and that defendant go hence and recover his costs. To this answer of defendant, plaintiff entered a general demurrer and a general denial.

The defendant testified that he signed the name of "Green's Drug Store" under the word "accepted" on these acceptances; that he was the owner of the Green Drug Store, and the trade acceptances were given by him to the Arch Manufacturing Company for an order of jewelry which he gave one of its salesmen on April 21, 1925; that he ordered the goods with the understanding that they were not to be shipped until fall, about September 1, 1925, and, if the crops or times were not looking good, he could cancel the order any time before the goods were shipped; that there was a distinct understanding betweeen the parties to this effect; that on the same day he signed the trade acceptances he wrote the Arch Manufacturing Company a letter canceling the order and registered it; that notwithstanding his letter of cancellation, the Arch Manufacturing Company shipped the goods within a few weeks; that he refused to accept them, and they were in the express office for some time; finally they were sent back to the shipper and were returned by the express company the second time; that the Arch Manufacturing Company finally took them back. This testimony was corroborated by testimony of H. R. Lowe, who worked in the Green Drug Store.

The plaintiff introduced Frank Coffman, by deposition, who testified that he was secretary and treasurer of the plaintiff company, and had held that position since June, 1924; that he had complete charge of the management and conduct of the business of the company; that he represented the plaintiff in the purchase of these three trade acceptances along with two others, and made the purchase personally; that he paid $268.20 for the set of five; that neither he nor any officer or employee or stockholder of the Traders' Securities Company had any knowledge, either at or before the purchase, of any defense to or defect in these trade acceptances on the part of Green's Drug Store or R. C. Green; that he was not employed by the Arch Manufacturing Company on or about April 1, 1925, the date of these acceptances; that he believed the Arch Manufacturing Company was a corporation; that he did not know any of the directors or stockholders except Wm. A. Blackstad; that the Traders' Securities Company is a corporation, and that he and Frank Quinn were directors; that there was a third director, and they owned all of the stock; that he did not know anything about the order by R. C. Green from the Arch Manufacturing Company, nor anything about the details of the matter.

The cause was tried before the court, without the intervention of a jury, and judgment was rendered on the 28th day of May, 1927, by a nunc pro tunc order for the defendant, as of date February 11, 1927. The plaintiff has appealed.

Opinion.

It will be noted that the defendant in the court below did not file any verified pleadings setting up a failure of consideration. As before stated, none of the pleadings were written, and, of course, none verified. Article 2010, Rev. Civ. Statutes of 1925, provides that an answer setting up any of certain designated matters shall be verified by affidavit. Section 10 of this article reads:

"That a written instrument upon which a pleading is founded is without consideration, or that the consideration of the same has failed in whole or in part."

When testimony was offered as to the claimed facts that defendant ordered the goods with the understanding that they were not to be shipped until fall, or on or about September 1st, and, if the crops or times were not "looking good," he could cancel the order any time before said date, and that on the day he signed the acceptance he wrote the Arch Manufacturing Company canceling the order, and had the letter registered, and exhibited a post office registry receipt, and that, notwithstanding his letter of cancellation, the Arch Manufacturing Company shipped the goods within a few weeks, and that he did not take them out of the express office when they came, that they lay in the express office a long time, and were finally sent back to the shipper, and then returned a second time and later were sent back, the plaintiff objected to such testimony because it was not supported by proper pleadings, and as immaterial, incompetent and not bind-

ing upon plaintiff; it not being shown that plaintiff had any knowledge or connection with such transaction.

[1, 2] If the testimony offered by defendant can be said to involve the question of a failure of consideration, it was inadmissible, over timely objection thereto, inasmuch as no verified pleading had been made by defendant setting up a failure of consideration. Newton v. Newton, 77 Tex. 508, 14 S. W. 157. Plaintiff below pleaded, which plea was sustained by evidence, that the plaintiff nor any of its officers or employees or stockholders, knew anything about any defect or infirmity in the instrument sued on, nor anything about the contract of agreement between the Arch Manufacturing Company and defendant. There was no testimony to the contrary. Therefore, plaintiff below must be conceded as an innocent purchaser for value, before maturity, and any evidence sought to be introduced showing any parol agreement between the salesman of the Arch Manufacturing Company and the defendant, not included in the written instrument, was inadmissible over a timely objection. Allen v. Anderson (Tex. Civ. App.) 96 S. W. 54; Nelson v. Bridge, 39 Tex. Civ. App. 283, 87 S. W. 885, writ of error denied.

Article 5935, Rev. Statutes of 1925, defines what "a holder in due course" of a negotiable instrument is, to wit: That it is complete and regular upon its face; that the holder became such before the instrument was overdue, and without notice that it had been previously dishonored, if such was the fact; that he took it in good faith and for value; that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

We conclude that the testimony shows unquestionably that plaintiff below was a holder in due course, and an innocent purchaser for value before maturity. Article 5936, § 62, provides that:

"The acceptor by accepting the instrument engages that he will pay it according to the tenor of his acceptance."

[3] By defendant's indorsement and signature under the word "accepted," he agreed to pay the instrument according to its face and tenor. Nor do we think the statement in the trade acceptance that "the obligation of the acceptor hereof arises out of the purchase of goods from the drawer," is sufficient to constitute notice that there may be a failure of consideration in the contract of purchase and sale. We think that the ordinary meaning of the quotation above is that the goods had already been sold by the Arch Manufacturing Company and accepted by defendant.

We think the trial court erred in admitting the testimony to which objection was made and reserved in the bills of exceptions, and in rendering judgment for defendant. Therefore the judgment of the court below is reversed and here rendered for plaintiff below, for the face value of the notes, interest and costs.