## HARRIS v. WUENSCHE.   (No. 7240.)

Court of Civil Appeals of Texas.   Austin.
May 26, 1928.

1. **Bills and notes** ☞149—Trade acceptances, wherein obligation of acceptor arose out of purchase of goods from drawer, held nonnegotiable (Negotiable Instruments Act [Vernon's Ann. Civ. St. 1925, arts. 5932–5948]).

Trade acceptances, stating that obligation of acceptor arose out of purchase of goods from drawer, *held* nonnegotiable under Negotiable Instruments Act (Vernon's Ann. Civ. St. 1925, arts. 5932–5948); hence purchaser took them subject to drawer's defense of fraud.

2. **Bills and notes** ☞497(3)—Holder of trade acceptances as security could not enforce them without proving he would lose debt or part thereof; drawer setting up fraud.

Creditor holding trade acceptances as collateral security, who sought to collect them from drawer, *held* not entitled to enforce them, in absence of pleading and proving that he would lose principal debt or part thereof unless permitted to collect, where drawer asserted fraud in procurement of execution of instruments.

Appeal from District Court, Milam County; John Watson, Judge.

Action by S. B. Harris against Walter Wuensche. Judgment for defendant, and plaintiff appeals. Affirmed.

E. A. Wallace, of Cameron, and O. D. Graham, of Thorndale, for appellant.
E. A. Camp, of Rockdale, for appellee.

BAUGH, J. Appellant sued appellee on two trade acceptances, executed by Wuensche, dated May 2, 1927, one for $405 and the other for $400, due respectively 60 and 90 days after date, in favor of Farmers' & Ranchers' Stock Salt Company, and by it indorsed to Harris, appellant here. Harris alleged that he was an innocent purchaser for value before maturity, without notice of

any defect in the instruments. Wuensche defended on the grounds, among others, of failure of consideration and fraud in procuring the execution of said instruments.

Appellant brings four propositions, chief of which complains of the suppression by the trial court of his deposition. Under the views we take of this case, it is unnecessary to make any extended discussion of this proposition. We have concluded that the trial court's judgment must be affirmed for two reasons:

[1] Because each of the trade acceptances sued upon and introduced in evidence contains the following language: "The obligation of the acceptor hereof arises out of the purchase of goods from the drawer." We think this clause or limitation in the trade acceptances rendered them nonnegotiable under the Negotiable Instruments Act (Vernon's Ann. Civ. St. 1925, arts. 5932–5948). If not negotiable, the purchaser thereof took the acceptance subject to whatever defenses the acceptor might have against the drawer. See 8 Corpus Juris, 113, 114. This question was before Section A of the Commission of Appeals in Lane Co. v. Crum (Tex. Com. App.) 291 S. W. 1084, wherein the Supreme Court in effect necessarily approved the Commission's holding. It is true that in that case, in addition to containing the exact language contained in the acceptance here involved, those acceptances contained the following further clause: "Maturity being in conformity with the original terms of purchase." We think, however, that this additional clause makes no difference in the application of the principle involved, as discussed in that case, because as there stated the negotiability of the instrument was destroyed by the fact that, as expressly provided on its face, the obligation arose, not from the instrument itself, but from the purchase of goods, a transaction outside of and independent of the instrument itself.

We are aware of the decision of the Fort Worth Court of Civil Appeals in Traders' Securities Co. v. Green, 4 S.W.(2d) 183, wherein the language used in the trade acceptances there involved was identical with that contained in the acceptances here involved. That case, however, makes no mention of, and does not refer to, the case of Lane Co. v. Crum, and we assume that it was not called to the attention of the Fort Worth court. We follow the holding of the Commission in the Lane Company Case.

[2] But, if we be wrong in this conclusion, the trial court's judgment must be affirmed for the further reason that, in the suppressed depositions appellant's testimony shows conclusively that the acceptances sued upon were held by him as collateral security to a promissory note for $3,951.87, due and owing to him by the Farmers' & Ranchers' Stock

Salt Company, dated May 14, 1927, due 100 days after date, and to secure which he also held $7,098.75 additional collateral security. His depositions further show that on October 14, 1927, when same were taken, the total indebtedness of the Farmers' & Ranchers' Stock Salt Company to appellant aggregated $9,084.25, and that he then held $33,500 as collateral security therefor. Nowhere does the appellant either plead or testify that he will lose his principal debt, or any part thereof, unless he be allowed to collect the collateral sued upon; nor is there any testimony as to any facts either showing or intimating that he would do so.

This court has repeatedly held, as have other courts in this state, that, where it has been shown that an obligation held by an indorsee thereof as collateral security is unenforceable as between the original parties thereto, the holder thereof must plead and prove that he will lose his principal debt, or a part thereof, unless he be permitted to collect the collateral sued upon. See Bank v. Underwood (Tex. Civ. App.) 293 S. W. 941, writ of error refused; Kincaid v. Bank (Tex. Civ. App.) 4 S.W.(2d) 310, and cases there cited. The appellant in this case has met neither of these requirements, and, if the depositions offered by appellant had been admitted as contended for by appellant, the trial court should have rendered judgment against him anyway.

One other question remains, whether there was sufficient evidence to sustain the trial court's findings and conclusions that said trade acceptances had been procured by fraud. We have read carefully the defendant's uncontradicted testimony on this issue, and think it was clearly sufficient to sustain the trial court's judgment.

For the reasons above stated, the judgment of the trial court is in all things affirmed.

Affirmed.