### HARRIS v. BUCEK.   (No. 7251.)

Court of Civil Appeals of Texas. Austin. June 27, 1928.

1. Bills and notes ⬅149—Trade acceptances, embodying provision that obligation arose out of purchase of goods, held nonnegotiable.

Trade acceptances, embodying provision that "obligation of acceptor hereof arises out of purchase of goods from drawer," were nonnegotiable, although in hands of innocent purchaser for value before maturity and without notice of any infirmity; hence subject to defense of fraud.

2. Bills and notes ⬅497(3)—Recovery could not be had on trade acceptance held as collateral, where fraud was pleaded against drawer, and holder did not prove he would lose unless he collected.

Where trade acceptances aggregating $7,903.75 were held as collateral security to note

for $3,951.87, and suit was brought by holder on one of trade acceptances, and fraud pleaded against original drawer, holder, who did not plead and prove he would lose principal debt or part thereof unless permitted to collect, could not recover.

Appeal from Fayette County Court; Theo. W. Lueders, Judge.

Action by Samuel Bailey Harris against J. C. Bucek. Judgment for defendant, and plaintiff appeals. Affirmed.

R. V. Solomon, of La Grange, for appellant. Jno. P. Ehlinger, of La Grange, for appellee.

BAUGH, J. Appellant sued appellee on a trade acceptance for $380, accepted by the appellee, drawn in favor of the Farmers' & Ranchers' Stock Salt Company, and by it indorsed to appellant. Appellee defended on the ground, among others, that said instrument was procured by fraud. Appellant thereupon further pleaded that he was an innocent purchaser for value before maturity and without notice of any vice in the instrument. The case was submitted to a jury upon a general charge, and they found for appellee. The court thereupon rendered judgment for appellee, from which this appeal is prosecuted.

[1] Appellant's only contention here is that he was entitled to an instructed verdict in his favor, because the evidence showed that said trade acceptance was negotiable, and that he was an innocent purchaser thereof for value, before maturity, and without notice of any infirmity in the instrument. We do not sustain this contention. Exactly the same character of trade acceptance was before this court in the case of Harris v. Wuensche, 7 S.W.(2d) 595, decided May 26, 1928. In that case we held, following Lane Co. v. Crum (Tex. Com. App.) 291 S. W. 1084, and 8 C. J. 113, that the language, "The obligation of the acceptor hereof arises out of the purchase of goods from the drawer" (which also appears in the acceptance here sued upon), rendered said trade acceptance nonnegotiable, and made it subject, in the hands of the indorsee, to any defenses that might be urged against the drawer thereof. In the instant case the jury found in favor of appellee on the issue of fraud, and there is sufficient evidence to sustain that finding.

[2] The trial court's judgment must be affirmed for another reason. Appellant's own testimony showed that this trade acceptance, along with 24 others, aggregating a total sum of $7,903.75, were held by him only as collateral security to a note for the sum of $3,951.87, executed to him by the Farmers' & Ranchers' Stock Salt Company. Appellee having pleaded fraud as against the original drawer of the acceptance, and it being admitted by appellant that he held same only

as collateral, it became his duty to plead and prove that he would lose his principal debt or a part thereof unless permitted to collect the collateral here sued upon. See Harris v. Wuensche, supra; Bank v. Underwood (Tex. Civ. App.) 293 S. W. 941; Kincaid v. Bank (Tex. Civ. App.) 4 S.W.(2d) 310. This appellant made no effort to do.

The judgment of the trial court is therefore affirmed.