## VICTOR C. BARRINGER v. N. T. WILSON.

### No. 1299. Decided May 19, 1904.

**1.—Note—Indorser—Fixing Liability.**

The liability of one signing a promissory note in the form of an indorser must be fixed by protest or timely suit, though he signed for accommodation of the maker and before the delivery to payee; and parol evidence is not admissible to show that his relation was that of an original promissor, whose liability was fixed without protest or suit. (P. 586.)

**2.—Same.**

The obligation of one signing a note as indorser before its delivery distinguished from that a third party placing his name thereon and becoming thereby an original maker. (P. 586.)

**3.—Same—Cases Discussed.**

Kennon v. Bailey, 15 Texas Civ. App., 28, and Biessner v. Weekes, 21 Texas Civ. App., 14, questioned and distinguished. Heidenheimer v. Blumenkron, 56 Texas, 311, followed. (P. 586.)

**4.—Case Stated.**

After promise by W. to loan money to S. with B. as security, S. delivered to W. his promissory note, to his own order, indorsed by himself and

by B., on which he received the loan. Held, that the obligation of B. was that of an indorser; that parol evidence was not admissible to vary his undertaking; and that protest and timely suit were necessary to fix his liability. (Pp. 585, 586.)

Question certified from the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*Geo. R. Hines* and *Geo. B. Taliaferro,* for appellant.—When it appears from the petition that suit was not filed in time and the diligence required by statute to charge an indorser of negotiable paper not used, the indorser's exceptions directed to that fault should be sustained, even though it be alleged that he placed his name upon the instrument before its delivery, for the reason that the presumption of the law is otherwise, and parol proof is not admissible to establish anything outside of what appears from the instrument itself. Upon diligence required: Rev. Stats., 1895, art. 304; Jones v. Ritter, 32 Texas, 722; Kampmann v. Williams, 70 Texas, 571; Williams v. Bank, 67 Texas, 608. Upon inadmissibility of parol evidence: Rev. Stats., 1895, art. 310; Heidenheimer v. Blumenkron, 56 Texas, 311; Williams v. Bank, 67 Texas, 608.

It can not be shown by parol that an apparent indorser was in fact a guarantor, surety or maker, and thereby contradict the face of the paper and charge the party more onerously than he purports to have bound himself. Heidenheimer v. Blumenkron, 56 Texas, 311; Williams v. Bank, 67 Texas, 608; Beissner v. Weekes, 21 Texas Civ. App., 15; Kennon v. Bailey, 15 Texas Civ. App., 30.

If a note is payable to the maker or his order, and is indorsed by the maker, a person who puts his name on it after the maker, but before delivery to a third party, is liable only as an indorser. Against the proposition: Beissner v. Weekes-McCarty Co., 21 Texas Civ. App., 15, 50 S. W. Rep., 138; Kennon v. Bailey, 15 Texas Civ. App., 30, 38 S. W. Rep., 377. Supporting the proposition: Rev. Stats., 1895, arts. 310, 304, 315; Heidenheimer v. Blumenkron, 56 Texas, 311; Williams v. Bank, 67 Texas, 608; Hueske v. Broussard, 55 Texas, 204; Kampmann v. Williams, 70 Texas, 571; Cook v. Southwick, 9 Texas, 620; Carr v. Rowland, 14 Texas, 276; Harrison v. Sheirburn, 36 Texas, 74; Horton v. Manning, 37 Texas, 23; Latham v. Houston Flour Mills, 68 Texas, 132; Barton v. American Nat. Bank, 8 Texas Civ. App., 226, 29 S. W. Rep., 210; Rice v. Farmers Nat. Bank, 42 S. W. Rep., 1023; Haymond v. Frieburg, 1 White & W. C. C., sec. 1097; Rey v. Simpson, 63 U. S., 341; Good v. Martin, 95 U. S., 90; Forsythe v. Kimball, 91 U. S., 291; Chicago Trust Co. v. Nordgren, 157 Ill., 663; Bowler v. Braun (Minn.) 65 N. W. Rep., 124; Kern v. Von Phul (Minn.), 82 Am. Dec., 105; Bigelow v. Colton (Mass.), 74 Am. Dec., 633; Dubois v. Mason, 127 Mass., 34, 34 Am. Rep., 335; Kingman v. Cornell-Tebbetts Mach. Co. (Mo.), 51 S. W. Rep., 727; First Nat. Bank v. Payne, 111 Mo., 291; Fullerton v. Hill (Kan.), 18 Law. Rep. Ann., 33, and note; 2 Parsons

on Bills, 122; Daniel on Neg. Insts., 707, 711, 714 and 94; Woods' Byles on Bills, 429; Tied. on Com. Paper, 451; Zane on Banking, 399; Story on Contracts, 670; Am. and Eng. Enc. of Law, pp. 484, 485, 486, and cases cited in notes and p. 488.

*Jas. D. Walthall* and *Denman, Franklin & McGown,* for appellee.— Where a third person signs his name in blank upon the back of a note, and the indorsement is without date (as in this case), it is presumed, in the absence of proof, to have been made at the time of the inception of the note. Kennon v. Bailey, 15 Texas Civ. App., 30; Beissner v. Weeks, 21 Texas Civ. App., 15; Carr v. Rowland, 14 Texas, 276; Cook v. Southwick, 9 Texas, 620; Barton v. American Nat. Bank, 8 Texas Civ. App., 226; Chandler v. Westfall, 30 Texas, 477; Harrison v. Sheirburn, 36 Texas, 74; Latham v. Houston Flour Mills, 68 Texas, 132; Hueske v. Broussard, 55 Texas, 204; Horton v. Manning, 37 Texas, 23; Good v. Martin, 95 U. S., 90; Rey v. Simpson, 22 How., 341; First Nat. Bank v. Fence Co., 24 Fed. Rep., 221; Lowell v. Gage, 38 Me., 35; McCallum v. Driggs, 17 So. Rep., 407; Bendey v. Townsend, 109 U. S., 665; Pearson v. Stoddard, 75 Mass., 199. Upon admissibility of parol evidence: Cook v. Southwick, 9 Texas, 615; Latham v. Houston Flour Mills, 68 Texas, 127; Barton v. American Nat. Bank, 8 Texas Civ. App., 226; Good v. Martin, 95 U. S., 90; Brown v. Butler, 99 Mass., 179; Hoffman v. Moore, 82 N. C., 313; Montgomery v. Schenck, 82 Hun (N. Y.), 24; McComb v. Thompson, 2 Minn., 139; Benton v. Willard, 17 N. H., 593.

WILLIAMS, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals for the Fourth District, as follows:

"In the above cause pending on appeal in this, the Court of Civil Appeals for the Fourth District of Texas, a question of law arises which this court considers itself required by law to submit to the Supreme Court for adjudication, because of the decision of the question by the Court of Civil Appeals for the First District apparently different from the conclusion we now reach thereon (Kennon v. Bailey, 15 Texas Civ. App., p. 28, which decision appears to be later than any decision by the Supreme Court on the question). The court having so directed, I accordingly certify to your honorable court for decision the question as follows:

"Explanation.—The note sued on by Wilson, with indorsements, is as follows:

"'$200.00    San Antonio, Texas, 1-15-1901.—On the 18th of May, 1901, for value received, I, we or either of us promise to pay to the order of myself, at the office of the City National Bank, San Antonio, Texas, two hundred dollars in United States gold coin of the present standard weight and fineness, with interest thereon after maturity at the rate of ten per cent per annum, payable annually, and ten per cent attorney's

fees if placed in the hands of an attorney for collection after maturity, or suit is brought thereon.  A. S. Smith.'

"The same being indorsed in the following order: 'A. S. Smith, Victor C. Barringer.'

"N. T. Wilson testified as follows: 'By N. T. Wilson, plaintiff, over the objection of defendant: That the defendant Smith came to see him in reference to this loan, told him he could obtain defendant Barringer as security for the amount; that the note was then filled out, and Smith left with it, to secure Barringer's name; that some time afterwards, witness thought about two months, Smith returned with the note indorsed by Barringer, and that the loan was then made.'

" 'By the defendant: That this suit was filed July 19, 1902, and that more than three terms of court were had after the note's maturity and prior to this date.'

"The above is the entire statement of facts.

"Question.  Can the relation of Barringer as indorser, as appears from the note, be by the payee contradicted, or shown to be otherwise, by parol testimony?"

This precise question was decided in the case of Heidenheimer v. Blumenkron (56 Texas, 311), in a carefully considered opinion by Chief Justice Gould.  That decision has never been overruled or modified by any decision of this court, and probably accords with the weight of authority elsewhere.  1 Daniel on Neg. Inst., secs. 707, 717, 718, 723. The distinction pointed out by Judge Gould between that case and others referred to by him, such as Cook v. Southwick, 9 Texas, 615, may have been overlooked by the courts of civil appeals in the cases relied on by appellee, neither of which came to this court.  Kennon v. Bailey, 15 Texas Civ. App., 28; Biessner v. Weekes, 21 Texas Civ. App., 14, 50 S. W. Rep., 138.  Whether or not there was ground for distinguishing those cases from Heidenheimer v. Blumenkron it is unnecessary to determine, since that case is, in all essential particulars, like this and must control our decision.

The question is answered in the negative.