## BROWN et al. v. COOPER CO., Inc.
### No. 1780.

Court of Civil Appeals of Texas. Waco.
Nov. 19, 1936.

Rehearing Denied Dec. 24, 1936.

S. J. T. Smith, of Waco, for appellant.

Nat Harris and Mabel Grey Howell, both of Waco, for appellee.

ALEXANDER, Justice.

The Cooper Company, Inc., brought this suit against J. B. Brown and Miss Mattie B. Brown to recover on a promissory note in the sum of $366.49, dated January 2, 1930, due September 2, 1930, signed by the defendants and payable to the order of P. A. Muckelroy & Son. Plaintiff al-

leged that P. A. Muckelroy & Son had indorsed and delivered said note to plaintiff, and that plaintiff was the legal owner and holder of same. The defendant Miss Mattie B. Brown alleged in substance that said note was given in renewal of an indebtedness owing exclusively by J. B. Brown to P. A. Muckelroy & Son and that she had signed the same at the request of the payee without consideration and with the distinct understanding and agreement that she would not be required to pay the same. She further alleged that on December 31, 1931, the said J. B. Brown executed and delivered to P. A. Muckelroy & Son a new note due September 2, 1932, for the sum of $439.77, in lieu of the original note and in renewal of the same indebtedness, and that said P. A. Muckelroy & Son, by the acceptance of the new note, thereby released her from liability on the original note signed by her. She alleged that the note sued on had been transferred to plaintiff after its maturity and after the execution and delivery of the new note in lieu thereof.

The jury, in answer to special issues, found that the new note in the sum of $439.77, signed by J. B. Brown and due September 2, 1932, was never accepted by P. A. Muckelroy & Son in lieu of, or as a substitute for, the note in the sum of $366.49; that at the time Miss Brown signed the note for $366.49, it was agreed that she would not be called upon or expected to pay the same, and that she would not have signed said note but for said agreement; that there was a consideration for Miss Brown's signing the note for $366.49, and that said note was put up with the plaintiff on January 24, 1930, as collateral to secure payment of P. A. Muckelroy & Son's indebtedness to plaintiff. Based upon this verdict, the trial court rendered judgment for the plaintiff for the full amount of the note, interest, and attorney's fees. Miss Mattie B. Brown alone appealed.

We attach no importance to the finding of the jury that at the time Miss Brown signed the note sued on it was orally agreed between her and the payee that she would not be called upon or expected to pay the same, because such parole agreement is in direct contravention to the plain and unambiguous terms of the written instrument binding her to pay same according to the tenor and effect thereof. Such purported oral agreement cannot be allowed to vary the terms of the written agreement in the absence of a plea of fraud, accident, and mistake. 10 Tex.Jur. 366, 516; Robertson v. City National Bank, 120 Tex. 226, 36 S.W.(2d) 481, par. 4.

It was material, however, to determine whether or not, on December 31, 1931, P. A. Muckelroy & Son accepted the new note, signed by J. B. Brown alone, in the sum of $439.77 in lieu of the note here sued on. We think the evidence shows without dispute that the indebtedness evidenced by the note sued on was originally the individual indebtedness of J. B. Brown. It appears that he bought groceries on credit from P. A. Muckelroy & Son and that later he signed notes for the account, and his sister, appellant herein, was induced to sign same with him. These notes were renewed by the execution of the note here sued on, and, while Miss Brown's name appears on the note as a joint maker thereof, the payee knew that she was merely surety for her brother. Therefore, if P. A. Muckelroy & Son accepted a new note signed by J. B. Brown alone, bearing interest, and payable at a definite future date, for the same debt, said firm, so far as its rights were concerned, thereby released Miss Brown from all liability on the note previously signed by her. 6 Tex.Jur. 834; J. I. Case Threshing Machine Co. v. Howth, 116 Tex. 434, 293 S.W. 800. It appears without dispute that appellee received the note sued on as collateral to secure payment of P. A. Muckelroy & Son's indebtedness to it. Where a negotiable instrument is thus pledged before maturity and it is a valid obligation between the original parties, the pledgee has the right to collect the full amount of the debt evidenced thereby, regardless of the amount of the secured debt, for he will hold the excess in trust for the pledgor; but, where the contract is invalid as between the original parties, so that the pledgor would not be entitled to recover from the maker, then the pledgee, although he acquired same innocently before maturity, is entitled to recover only so much as is necessary to protect him against loss. Wright v. Hardie, 88 Tex. 653, 32 S.W. 885; 6 Tex.Jur.1019, Id., p. 998; Harrington v. H. B. Claflin & Co., 91 Tex. 294, 42 S.W. 1055. We think this same rule applies where the obligation has become invalid as between the original parties after it was transferred to the pledgee, for otherwise the payee would be allowed to collect

through the pledgee on an obligation that he could not enforce by direct action in his own name. City National Bank of Galveston v. Pearce (Tex.Civ.App.) 291 S.W. 291; City National Bank of Galveston v. Underwood (Tex.Civ.App.) 293 S.W. 941. There was neither pleadings, evidence, nor finding by the jury as to the amount of appellee's indebtedness against P. A. Muckelroy & Son for which the note herein sued on was pledged as security. Therefore, as previously stated, it was material to a proper disposition of the case to determine whether or not P. A. Muckelroy & Son accepted the new note in the sum of $439.77 signed by J. B. Brown alone in lieu of the note here sued on.

 P. A. Muckelroy testified that on December 31, 1931, his firm received from J. B. Brown a note signed by him alone for the sum of $439.77, due September 2, 1932, in renewal of the debt evidenced by the note here sued on, and that said new note was later delivered to appellee. He later testified that he did not accept the new note in lieu of the old note because Miss Brown refused to sign the new note and he was unwilling to release her from liability on the debt. With the record in this condition, appellant offered in evidence the books of P. A. Muckelroy & Son for the purpose of showing that the new note was accepted in lieu of the old note. The court excluded the evidence, and this ruling is assigned as error. The books, if they had been admitted in evidence, would have shown that the Brown account was credited with a new note of the amount above set out on December 31, 1931, and would have supported appellants' contention that the new note was accepted in lieu of the old one. There was evidence that the books were correctly kept in the regular course of business. We think the books were admissible in evidence as a circumstance to prove the facts at issue, even though the firm to whom they belonged was not a party to the suit. 17 Tex.Jur. 785; Barclay v. Deyerle, 53 Tex.Civ.App. 236, 116 S.W. 123; International & G. N. Ry. Co. v. Startz, 42 Tex.Civ.App. 85, 94 S.W. 207; Heid Bros., Inc., v. Commercial National Bank (Tex.Com.App.) 240 S.W. 908, 24 A. L.R. 904. If for no other purpose, the books were admissible as an admission against the interest of P. A. Muckelroy & Son. While said firm is not a party to the suit, as hereinbefore pointed out, said firm will profit by a recovery herein by appellee, especially if the amount of the recovery exceeds the amount of the indebtedness of P. A. Muckelroy & Son to appellee. Consequently, the book entry showing that the new note was accepted in lieu of the old one was admissible as a circumstance against the interest of P. A. Muckelroy & Son. We are therefore of the opinion that the court committed a material error in refusing to admit this evidence.

On account of the error above pointed out, the judgment of the trial court is reversed and the cause remanded for a new trial.