**HELLAND v. OPPENHEIMER.**

No. 9908.

Court of Civil Appeals of Texas. San Antonio.

Feb. 17, 1937.

Rehearing Denied March 3, 1937.

Nowlin Randolph and Marion A. Olson, both of San Antonio, for appellant.

Denman, Franklin & Denman, of San Antonio, for appellee.

SMITH, Chief Justice.

It appears that on February 5, 1927, Charles P. Schaefer and E. P. Strain purchased a parcel of real estate from John H. Cunningham, Jr., giving him their promissory note for $7,500, secured by their deed of trust, as part of the purchase price. This note, indorsed by John H. Cunningham (Sr.), was sold and transferred to Mrs. F. G. Oppenheimer, who in turn transferred it to her husband.

Subsequently, on August 27, 1929, Schaefer and Strain sold the property to G. A. Helland, who, as part consideration, assumed to pay said purchase price note. Thereafter, on February 5, 1932, Helland executed a renewal of the original note, and John H. Cunningham indorsed his guaranty thereof on the back of the instrument, and Helland executed his deed of trust on the property to secure the renewal.

In November, 1934, in default of payment of the obligation, the property was

sold by the trustee under power conferred in the deed of trust. Oppenheimer, the holder of the note, purchased the property at this sale. After crediting the note with the proceeds from this sale, and from other securities which had been pledged as collateral by John H. Cunningham, there still remained a deficiency on the obligation, which, with interest and attorney's fees, aggregated approximately $3,800.

Oppenheimer brought this suit against Helland, maker of the note, alone, and recovered of him the amount of said deficiency. Helland has appealed.

There is, and can be upon the record, no contention that the execution of the note in suit was procured or attended by any fraud, accident, or mistake, nor is there any question about its delivery, which was absolute and unconditional. From that premise the questions presented will be disposed of.

■ Appellant interposed several inter-related defenses to the suit. The first, as presented in appellant's first proposition, is that appellee represented to appellant, before execution of the note sued on, that appellee would look to the guarantor, Cunningham, to pay the obligation, and thereby release appellant from payment, or relegate him to the position of indorser or surety, and look to the guarantor for payment. We are of the opinion that this defense, if enforced, would have the effect of varying the terms of a written obligation, by parol, in contravention of well-settled rules of law, and that the trial court therefore properly denied that relief, and excluded testimony proffered by appellant to show that defense. Barringer v. Wilson. 97 Tex. 583, 80 S.W. 994; Latham v. Houston Flour Mills, 68 Tex. 127, 3 S.W. 462; Heidenheimer v. Blumenkron, 56 Tex. 308; Brown v. Cooper Co. (Tex. Civ.App.) 99 S.W.(2d) 637. The following additional authorities, cited by appellee, are deemed in point, and conclusive upon the questions presented: Bailey v. Rockwall County Nat. Bank (Tex.Civ. App.) 61 S.W. 530; Dolson v. De Ganahl, 70 Tex. 620, 8 S.W. 321; Lockney State Bank v. Damron (Tex.Civ.App.) 179 S.W. 552; Roundtree v. Gilroy, 57 Tex. 176; Self v. King, 28 Tex. 552; Whiteman v. Bishop (Tex.Civ.App.) 289 S.W. 730.

■ Appellant's second proposition is that, "Where the payee in a note, prior to its execution, has instructed the guarantor of such note to work out the arrangements for the execution of such note, which was a renewal of an older note which the guarantor had also guaranteed, evidence of the conversation between the guarantor and the maker, though not made in the presence of the payee, is admissible as statements of the payee, acting through his duly appointed agent, as matter of inducement to procure the signature of the maker to the note." We are of the opinion that, under the authorities cited above, the defense evidenced by the quoted proposition is likewise condemned by the parol evidence rule, adverted to above. Conversations and agreements between maker and indorser or guarantor may be resorted to in adjusting their reciprocal liabilities and obligations, but not to affect their respective obligations to the obligee in the writing sought to be affected. Heidenheimer v. Blumenkron, supra.

■ We conclude that the parol evidence rule is likewise applicable to appellant's fourth proposition, which is that, "Where the maker of a note has pleaded that prior to the execution of such note the payee had agreed with him to look to a third person ostensibly a guarantor of such note for payment of the same, evidence that after the execution of said note and shortly prior to the time the payment became due thereon, the maker made demand upon the payee to look to the guarantor for further payments is admissible as tending to show the existence of the prior agreement."

■ Under the well-established principles announced above, the court did not err in excluding the testimony offered in support of the stated defenses set up by appellant, nor was appellant injured by its exclusion, since that testimony, even if admitted, could not have affected the disposition of the case.

Appellant's third proposition is deemed without merit, and, together with his first, second, and fourth propositions, will be overruled.

The judgment is affirmed.